MISC 06 036

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE UNOFFICIAL ON-SHORE CREDITORS' COMMITTEE OF THE BAYOU FAMILY OF COMPANIES, Plaintiff, v. BAYOU GROUP, LLC, *et al.*, Defendants. | 06 MDL 1755 (CM) No.: 7:06-cv-02379-UA |

**~~[PROPOSED]~~ ORDER GRANTING THE UNOFFICIAL ON-SHORE CREDITORS' COMMITTEE'S MOTION TO APPOINT A RECEIVER**

Plaintiff Unofficial On-Shore Creditors' Committee of the Bayou Family of Companies' (the "Committee") Motion to Appoint a Receiver (the "Motion") came before the Court on ~~March~~ April 28, 2006, at _____, after due notice of the hearing, and consideration of the argument of counsel and the following pleadings:

1. Committee's Motion and memorandum in support thereof;

2. Declaration of the Chair of the Committee, Jonathan J. Fisher, in support of the Motion; and

3. The Declaration of Joseph A. Gershman in support of the Motion.

After consideration of the record, the Court finds that entry of this Order Granting the Unofficial On-Shore Creditor's Committee's Motion to Appoint a Receiver is warranted under Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 thereunder, state law claims of fraud and breach of a fiduciary duty, Federal Rule of Civil Procedure 66, and the facts and circumstances of this case.

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

**A.**
**APPOINTMENT OF RECEIVER**
**AND PROPERTY OF THE RECEIVERSHIP ESTATE**

1. Pursuant to 28 U.S.C. §§ 754 and 959, Federal Rule of Civil Procedure 66 and this Court's inherent authority, the Court hereby **APPOINTS** Jeff J. Marwil, an attorney at law of the State of Illinois, to be the federal equity receiver (in such capacity, the "Receiver") of BAYOU GROUP, LLC, a Connecticut Limited Liability Company, BAYOU MANAGEMENT, LLC, a New York Limited Liability Company, BAYOU SECURITIES, LLC, a New York Limited Liability Company, BAYOU ADVISORS, LLC, a Delaware Limited Liability Company, BAYOU EQUITIES, LLC, a Delaware Limited Liability Company, BAYOU FUND, LLC, a New York Limited Liability Company, BAYOU SUPERFUND, LLC, a Delaware Limited Liability Company, BAYOU NO LEVERAGE FUND, LLC, a Delaware Limited Liability Company, BAYOU AFFILIATES FUND, LLC, a Delaware Limited Liability Company, and BAYOU ACCREDITED FUND, LLC, a Delaware Limited Liability Company (collectively, the "Bayou Entities" or the "Receivership Estate").

2. Except as provided in paragraphs 4 and 5 of this Order, the Receiver shall be, and is hereby, vested with complete jurisdiction and control over all of the Bayou Entities': (a) real property, equitable property, tangible and intangible personal property, interests, or assets of any nature, wherever located; and (b) claims, demands or causes of action of any kind, character or description, regardless of the legal principle or theory upon which the same may be based, whether known or unknown, liquidated or unliquidated, contingent or absolute, accrued or unaccrued, matured or unmatured, insured or uninsured, joint or several, determined or undetermined, determinable or otherwise (collectively, the "Bayou Assets").

3. Pursuant to 28 U.S.C. § 754, the Receiver shall, to the extent practicable, within ten (10) days following entry of this Order, file copies of the Committee's Complaint, dated March 27, 2006, and of this Order, with the Clerk of the District Court for every federal judicial district in which the Receiver has reason to believe Bayou Assets may be found (the "Receivership Filings"). Notwithstanding the ten-day time limitation set forth in 28 U.S.C. § 754, the Receiver may apply to the Court for an extension of time within which to complete the Receivership Filings. Subject to the Court's discretion, such applications shall be freely granted to enable the provisions of this Order to be carried out.

4. Any property, interests or assets that would otherwise be Bayou Assets but are subject to an order of civil or criminal forfeiture ("Forfeited Bayou Assets") entered by a court of competent jurisdiction of any State or of the United States (a "Forfeiture Order") shall not be Bayou Assets.

5. Nothing in this order shall be construed to vest the receiver with any property, interests or assets, including claims and causes of action, that is within the jurisdiction of liquidation proceedings now pending in the Cayman Islands known as *In re Bayou Off-shore Master Fund, Ltd. et al*, Nos. [2005] 397 etc., (Grand Ct., September 2, 2005) (Cayman Islands) ("Off-shore Assets"), provided that if a Bayou Asset was commingled with Off-Shore Assets, and/or the receiver cannot otherwise determine or agree as to whether an asset is a Bayou Asset or an Off-Shore Asset, this Court shall have jurisdiction to determine any dispute relating thereto.

## B.
## RECEIVER'S AUTHORITY AND DUTIES

6. Except for the Forfeited Bayou Assets and the Off-shore Assets, which are expressly not included within the Bayou Assets, the Court hereby vests the Receiver with

authority and jurisdiction over the Receivership Estate and the Bayou Assets to the maximum extent permitted by 28 U.S.C. §§ 754, 959 and 1692, Federal Rule of Civil Procedure 66 and this Court's inherent powers, and hereby empowers and permits the Receiver to take any and all actions necessary and proper to carry out the express provisions of this Order.

7. Without limiting the generality of the foregoing expressions of the Receiver's authority over the Receivership Estate and the Bayou Assets, the Receiver is specifically authorized, empowered, and directed to perform the following duties and responsibilities, at all times with a view towards (a) locating, preserving, and protecting the Bayou Assets; and (b) distributing the Bayou Assets that the Receiver collects as expeditiously as possible to creditors (including investors) of the Bayou Entities, pursuant to further order of this Court:

a. *Management of Assets*: Manage and administer the Bayou Assets as is necessary or required to comply with and effectuate the directives of this Order;

b. *Identification and Evaluation of Claims That May Be Asserted By the Bayou Entities and Identification of Possible Creditors of the Bayou Entities*: Investigate past operations and transactions of the Bayou Entities so as to (1) determine what claims, if any, may be asserted on behalf of the Bayou Entities; and (2) obtain all necessary records that relate to any entity that ever loaned money, extended credit to, or invested or had interests in the Bayou Entities or the Bayou Assets; (3) notify any entity that may have an interest in the Bayou Entities or the Bayou Assets of the current proceedings, providing those entities the opportunity to submit material establishing the nature and amount of their investment; present to the Committee within 120 days of the date of this Order, or on such other date as the Committee and the Receiver may agree, a confidential report detailing the nature of any claims that may be asserted on behalf of the Bayou Entities, all persons that may have an interest in the Bayou Assets, and all persons who have directly or indirectly received or are in possession of any Bayou Assets;

c. *Secure, Manage, and Discontinue Ongoing Business Operations*: Secure the business premises, business equipment, data, and documents of the Bayou Entities; take control of all means of communication with clients, investors, vendors, agents, and others doing business with the Bayou Entities; take all reasonable and necessary actions to wind-down and liquidate the business operations of the Bayou Entities, provided that if the

government claims any government privilege with respect to any data or documents, this Court shall have exclusive jurisdiction to determine any dispute arising therefrom;

d. *Institute, Defend, Compromise, or Settle Legal Actions*: After consulting with the Committee or its successor, evaluate, institute, assert, prosecute, defend and compromise and settle claims and causes of action on behalf of the Receivership Estate, as well as claims and causes of action for fraudulent conveyance on behalf of the Receivership;

e. *Corporate Governance*: Pursuant to 28 U.S.C. § 959(b), succeed to be the sole and exclusive managing member and representative of each of the Bayou Entities with the sole and exclusive power and authority to manage and direct the business and financial affairs of the Bayou Entities, including without limitation, the authority to petition for protection under the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Code"), for any or all of the Bayou Entities and in connection therewith be and be deemed a debtor-in-possession for any or all of the Bayou Entities in proceedings under Chapter 11 of the Code, and prosecute such adversary proceedings and other matters as may be permitted under the Code and/or applicable law;

f. *Issuing Payments, Authorizing Expenses, Entering into Agreements, and Retaining Professional Services*: The Receiver, on behalf of the Bayou Entities, may:

(1) Incur obligations and/or authorize such expenses as the Receiver deems reasonable and necessary in discharging the Receiver's duties;

(2) Enter into contracts, including financing contracts secured by the Bayou Assets, as the Receiver deems reasonable and necessary in discharging the Receiver's duties; and

(3) Retain persons to render professional services, including attorneys, accountants, securities professionals, and others as the Receiver deems reasonable and necessary in discharging the Receiver's duties (the "Professionals");

*provided, however*, if the Receiver knows or reasonably believes the expenses incurred or will be incurred (exclusive of the Fee referenced in Paragraph 8) as a result of an action taken pursuant to this subsection will exceed $25,000 (Twenty Five Thousand Dollars and No Cents) ("Large Expenses"), the Receiver shall, prior to incurring the Large Expense or entering into any such contract or retention agreement that will or may result in a Large Expense, obtain consent therefore from the Committee or its successor. To the extent that: (1) the cumulative expenses exceed

$50,000 for which the Receiver has not obtained consent; or (2) the Receiver determines that an expense that the Receiver previously believed to be less than $25,000 will in fact exceed $25,000, the Receiver will immediately notify and obtain the consent of the Committee. In the event that circumstances occurred such that the Receiver incurred a Large Expense prior to receiving the Committee's consent therefore, the Committee may provide the consent required by this subsection on a retroactive basis without prejudice to either the Committee or the Receiver. Any disputes arising between the Committee and the Receiver regarding Large Expenses shall be subject to the dispute resolution procedure described in paragraph 9 of this Order as if the disputed Large Expense was an Expense Summary (as defined herein).

g. *Access to Corporate Documents and Computers*: Access to all documents, books, and records of the Bayou Entities as necessary to fulfill the receiver's duties as set forth herein, provided that if the government claims any government privilege with respect to such access, this Court shall have exclusive jurisdiction to determine any dispute arising thereto;

h. *Liquidation Plan*: Unless a case is filed under the Code at the direction of the Receiver on behalf of the Bayou Entities within 180 days of this Order, or on such other date and the Committee and the Receiver may mutually agree, develop a plan for liquidation and distribution of the Bayou Assets in conjunction with and in consultation with the Committee or its successor (the "Receiver's Plan"), which shall be submitted to this Court for approval;

i. *Negotiate with the United States and any State of the United States*: To the extent that any State or the United States has obtained a Forfeiture Order and is in possession of Forfeited Bayou Assets, to confer with the Attorney General of the United States (or his designees) or the appropriate State agency and coordinate the Receiver's Plan to the maximum extent possible with any plan of distribution of the Forfeited Assets;

j. *Distribution Fund*: Open a custodial account (the "Distribution Fund") at a federally insured bank to receive and hold all cash assets that the Receiver collects and receives;

k. *Investment of Distribution Fund*: Upon consulting with and obtaining consent from the Committee or its successor, invest and reinvest the Distribution Fund with a view toward (i) conserving and preserving the principal; and (ii) maximizing the investment return; and

l. *Taxes*: Pay all local, state, and federal taxes as required by the applicable tax authority and in accordance with the applicable tax regulations.

C.

RECEIVER'S COMPENSATION, COSTS, AND FEES

8. The Receiver shall be entitled to payment for all reasonable costs, fees, and other expenses incurred in the performance of his or her duties as shall be approved by this Court.

9. The Receiver shall be paid a reasonable fee (the "Fee") for his services which shall be the greater of: (a) $20,000 per month (payable monthly) from the date of his appointment until the final order winding up the receivership or any case filed under the Code by or on behalf of the Bayou Entities; or (b) 2% of the net amount of funds distributed under the Receiver's Plan or pursuant to a distribution scheme approved in any case filed under the Code by or on behalf of the Bayou Entities; *provided, however*, in determining the net amount of funds distributed under the Receiver's Plan, any assets that are distributed under the Receiver's Plan directly or indirectly that are the subject of a Forfeiture Order, including without limitation the approximately $100 million that the Arizona Attorney General previously seized, shall not be considered. In addition, on a monthly basis, the Receiver shall be reimbursed for all reasonable costs and expenses paid and incurred by the Receiver in the performance of his duties ("Expenses").

10. Prior to applying to the Court for reimbursement of Expenses, the Receiver shall submit to the Committee his invoices for Expenses and appropriate supporting documentation in reasonable particularity ("Expenses Summary"), together with a status report of the Receiver's activities and actions during the applicable time period. Within ten (10) days of submission to the Committee, the Committee shall either approve, reject, or inquire regarding the Expense Summary. Should the Committee inquire regarding the Expense Summary, the Receiver and the Committee shall make good faith efforts to resolve any issues within ten (10) days of the inquiry. Upon the Committee's final action regarding a particular Expense Summary, the Receiver shall

promptly submit the Expenses Summary to this Court on such notice as the Court may direct, indicating whether the Committee approved or rejected the Expenses. If the Committee rejected some and/or all of the Expenses, the Committee may, but is not required to, make a separate submission explaining the basis of its rejection. If either the Committee or any other person objects to some and/or all of the Expenses, this Court must approve such disputed Expenses, after such hearing as the Court may direct, before the Receiver pays the amount requested. If the Committee has approved the Expenses, and no other person files an objection to such Expenses Summary with the Court within ten (10) days of notice thereof, the Receiver is authorized to reimburse and/or pay the Expenses without further order of the Court.

11. The funds necessary to pay and satisfy the Bayou Entities' obligations, including payment of the Receiver's Fee and Expenses, shall be paid: (a) from loans and extensions of credit obtained by the Receiver on behalf of and for the benefit of the Bayou Entities; (b) from the Distribution Fund; and/or (c) in accordance with the Receiver's Plan or such other distribution scheme as may be approved by a court of competent jurisdiction.

## D.
## INJUNCTION AND STAY OF ENFORCEMENT ACTIONS

12. For a period of ninety (90) days from the date of this Order, subject to an extension by this Court, all persons who receive actual notice of this Order are hereby stayed (the "Stay") and prohibited from directly or indirectly:

a. Commencing or continuing any civil judicial, administrative, or other action or proceeding of any kind against the Bayou Entities;

b. Creating, perfecting or enforcing any lien, claim, encumbrance or interest in, upon or to any of the Bayou Assets;

c. Obtaining possession or control over any of the Bayou Assets, whether by foreclosure or otherwise; and

d. Using self-help, set-off or executing or issuing any attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, invading or disturbing any of the Bayou Assets.

Provided that, this Paragraph shall not apply to (1) any governmental agencies, entities, or units or (2) the Joint Official Liquidators for the Bayou Off-Shore Entities with respect to subparagraphs (b), (c) or (d) as to any property, interests or assets, including, without limitation, claims and causes of action, that are in dispute between the parties.

13. On request of a party in interest, and expedited notice and hearing, the Court may grant relief from the Stay imposed by paragraph 12 of this Order for good cause shown.

14. This Order shall not affect, impair or modify any person's rights or remedies under applicable law, contract or otherwise, except as specifically set forth herein.

E.
GENERAL PROVISIONS

15. The Receiver may be removed at any time by the Court, or upon the request of the Committee or its successor for cause, as approved by the Court, and a successor shall be named by the Court, after notice to the Committee or its successor. In the event that the Receiver resigns from office, the Receiver shall first provide written notice to the Committee or its successor, and such resignation shall not be effective until the Court appoints a successor under such conditions as the Court may order.

16. The Receiver, together with any Professionals retained by the Receiver pursuant to this Order, shall be entitled to rely on all outstanding rules of law and court orders and shall not be liable to anyone for his or their own good faith compliance with any order, rule, law, judgment, or decree, including those issued or enacted in foreign jurisdictions.

17. In no event shall the Receiver be liable to anyone for his good faith compliance with the duties and responsibilities as Receiver. Nor shall the Receiver be liable to anyone for any actions taken or omitted by him except on a finding by this Court that he acted or failed to act as the result of misfeasance, bad faith, gross negligence, or in reckless disregard of his duties.

18. This Court shall have exclusive jurisdiction over: a) any claims made by any person against the Receiver for any actions or omission related to the Bayou Entities or the Bayou Assets; and b) any claims made by any person against any Professional with respect to that Professionals' execution of their respective duties as directed by the Receiver.

19. The Receivership Estate shall indemnify and hold harmless the Receiver with respect to any or all claims, rights and causes of actions of every type or nature whatsoever relating or referring in any manner to the Bayou Entities or the Bayou Assets ("Indemnity Claims") unless this Court finds the Receiver breached any duty as specified in Paragraph 17. The Receivership Estate shall further indemnify the Receiver for, and advance, reasonable costs and attorneys' fees in defending against, any Indemnity Claims; *provided, however*, to the extent that this Court finds that the Receiver breached any duty as specified in Paragraph 17, the Receiver shall immediately repay any advanced defense costs or attorneys' fees.

20. To the extent the Receiver pays Indemnity Claims and/or fees, costs or expenses in connection therewith pursuant to Paragraph 19, he shall be entitled to recover all such amounts paid from the Distribution Fund and/or the Bayou Assets on a super priority basis with the right of distribution senior and prior to the claims or interests of creditors (including investors) of the Bayou Entities.

21. The Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary duties and obligations in this matter unless and until this Court so orders after due notice and hearing.

22. Except as expressly stated herein, nothing in this Order shall be construed to impair, limit, or constrain the Receiver's powers under any Federal Rule of Civil Procedure, any statute of the United States or any decisional authority construing the powers of or procedural mechanisms available to federal equity receivers.

23. The Court retains jurisdiction with respect to any matters addressed in this Order, including without limitation any and all matters relating to or affecting the Receivership Estate, the Bayou Assets, the Receiver and the scope of authority granted the Receiver hereunder.

DONE ~~IN OPEN COURT~~ this 28 day of ~~March~~ April, 2006.

[signature]

The Honorable Cillee McNeil
United States District Judge

Dated: 4/28/06